Alan R. Unkeles, OSB #77-377
3000 NW Stucki Place #230
Hillsboro OR 97214
503-531-5370
alan@alanrunkelespc.com

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br>Scott J Doty<br><br>DEBTOR(S). | ) Case No. **15-32755-pcm7**<br>)<br>) **DECLARATION OF DEBTOR**<br>)<br>) |

I, Scott J Doty, declare under penalty of perjury that all previously filed Schedules, Statement of Affairs and any amendments thereto, substantially reflect my financial condition and the condition of my estate on the date of conversion.

/s/ Scott J Doty
Scott J Doty, debtor

**CERTIFICATE OF SERVICE**

I, Alan R. Unkeles, certify that I served the Declaration of Debtor by filing it in the court's ECF system serves it electronically on the Trustee, the US Trustee and on all other interested parties requesting electronic notice.

Signed July 23, 2015

/s/ Alan R. Unkeles
Alan R. Unkeles, debtor(s) attorney

Page 1 of 1 DECLARATION OF DEBTOR(S )

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. **15-32755** (If Known)
**Scott J Doty** )
) CHAPTER 7 INDIVIDUAL DEBTOR'S*
) STATEMENT OF INTENTION(S)
Debtor(s) ) PER 11 U.S.C. §521(a)

**\*IMPORTANT NOTICES TO DEBTOR(S):**
(1) **SIGN AND FILE this form even if** you show "NONE," **AND**, if creditors are listed, **have the service certificate COMPLETED**; **AND**
(2) **Failure to perform** the intentions as to property stated below within 30 days after the first date set for the Meeting of Creditors under 11 U.S.C. §341(a) may result in relief for the creditor from the Automatic Stay protecting such property.

**PART A -** Debts secured by property of the estate. (Part A must be FULLY COMPLETED for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>Capital One / Kawasaki | **Describe Property Securing Debt:**<br>2009 Suzuki Vulcan 900 motorcycle - value based on average value as listed in Cycle Trader |
| Property will be (check one): ☐ SURRENDERED  ■ RETAINED<br><br>If retaining the property, I intend to (check at least one):<br>☐ Redeem the property<br>■ Reaffirm the debt<br>☐ Other. Explain (for example, avoid lien using 11 USC §522(f)_____<br><br>Property is (check one): ■ CLAIMED AS EXEMPT  ☐ NOT CLAIMED AS EXEMPT | |

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>OnPoint Community Credit Union | **Describe Property Securing Debt:**<br>debtor's residence at 1301 SW Kalyca Way Beaverton OR 97003, manufactured home, built in 1995, 1201 sq ft, value based on county property tax records |
| Property will be (check one): ■ SURRENDERED  ☐ RETAINED<br><br>If retaining the property, I intend to (check at least one):<br>☐ Redeem the property<br>☐ Reaffirm the debt<br>☐ Other. Explain (for example, avoid lien using 11 USC §522(f)_____<br><br>Property is (check one): ■ CLAIMED AS EXEMPT  ☐ NOT CLAIMED AS EXEMPT | |

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>OnPoint Community Credit Union | **Describe Property Securing Debt:**<br>home equity loan |
| Property will be (check one): ■ SURRENDERED  ☐ RETAINED<br><br>If retaining the property, I intend to (check at least one):<br>☐ Redeem the property<br>☐ Reaffirm the debt<br>☐ Other. Explain (for example, avoid lien using 11 USC §522(f)_____<br><br>Property is (check one): ■ CLAIMED AS EXEMPT  ☐ NOT CLAIMED AS EXEMPT | |

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>**Washington Co Assess and Tax** | **Describe Property Securing Debt:**<br>**debtor's residence at 1301 SW Kalyca Way Beaverton OR 97003, manufactured home, built in 1995, 1201 sq ft, value based on county property tax records** |

Property will be (check one): ■ SURRENDERED  ☐ RETAINED

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain (for example, avoid lien using 11 USC §522(f)_____

Property is (check one): ■ CLAIMED AS EXEMPT  ☐ NOT CLAIMED AS EXEMPT

**PART B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be assumed pursuant to 11 USC §365(p)(2)<br>☐ YES  ☐ NO |

| | |
|---|---|
| *I DECLARE UNDER PENALTY OF PERJURY THAT* THE ABOVE INDICATES INTENTION AS TO ANY PROPERTY OF MY ESTATE SECURING A DEBT AND/OR PERSONAL PROPERTY SUBJECT TO AN UNEXPIRED LEASE. | *I/WE, THE UNDERSIGNED, CERTIFY THAT COPIES OF* BOTH *THIS DOCUMENT* AND *LOCAL FORM #715 WERE SERVED ON* ANY CREDITOR NAMED ABOVE. |
| DATE: **July 23, 2015** | DATE: **July 23, 2015** |
| **/s/ Scott J Doty**<br>DEBTOR'S SIGNATURE | **/s/ Alan R. Unkeles OSB          77-377**<br>DEBTOR OR ATTORNEY'S SIGNATURE     OSB# (if attorney) |
| <br>JOINT DEBTOR'S SIGNATURE (If applicable) | JOINT DEBTOR'S SIGNATURE (If applicable and no attorney)<br>**Alan R. Unkeles OSB 77-377    503 531 5370**<br>PRINT OR TYPE SIGNER'S NAME & PHONE NO.<br>**3000 NW Stucki Place #230**<br>**Hillsboro, OR 97124**<br>SIGNER'S ADDRESS (if attorney) |

**NON-JUDICIAL REMEDY WHEN CONSUMER DEBTOR FAILS TO TIMELY PERFORM STATED INTENTIONS**

Creditors, see Local Form #715 [attached if this document was served on paper] if you wish information on how to obtain NON-JUDICIAL relief from the automatic stay of 11 U.S.C. §362(a) as to your collateral.

**QUESTIONS????**
**Call an attorney with questions about these procedures or the law.  However, only call the debtor's attorney if you have questions about the debtor's intent as to your collateral.**

**PROCEDURES CREATED BY THE BANKRUPTCY COURT CONCERNING REQUESTS FOR NON-JUDICIAL RELIEF FROM THE AUTOMATIC STAY AS TO SECURED COLLATERAL IN CHAPTER 7 CASES**

If you are interested in expediting relief from the automatic stay of 11 U.S.C. §362(a) as to property in which you hold a security interest, **YOU MUST FURNISH** the trustee a statement of the balance due and estimated property value. **ALSO ATTACH** a copy of your security agreement and other documents required for perfection (e.g., if the security is an automobile, a copy of the certificate of title showing your security interest). **YOU MUST ALSO ATTACH** a completely filled out (except for signatures) copy of LBF #750.

**DO NOT FILE THE REQUEST NOR ANY COPIES THEREOF WITH THE COURT! ALSO, YOU ARE NOT REQUIRED TO FILE THE COMPLETED LBF #750 WITH THE COURT TO MAKE THIS RELIEF EFFECTIVE!**

Under §522(f) of the Bankruptcy Code the debtor may request a judicial lien or a non-possessory, non purchase-money security interest on certain exempt property be voided to the extent the exemption is impaired by the lien or security interest. Under §722 the debtor may request the court determine the value of certain personal property and permit the debtor to redeem the property from any lien against it by paying that value to the lien holder. Because of these two sections, the consent of both the trustee and debtor is required to permit a repossession or foreclosure without court order.

IF YOUR REQUEST TO RECEIVE NON-JUDICIAL RELIEF FROM STAY WILL BE MADE AT THE MEETING OF CREDITORS (OR IS SERVED WITHIN 15 DAYS PRIOR TO SUCH MEETING and therefore will be considered at the meeting), it must be in writing and contain all the information required in paragraph one. Copies of all documents must be submitted to the debtor and any debtor's attorney prior to that meeting.

IF YOU WISH TO RECEIVE NON-JUDICIAL RELIEF FROM STAY PRIOR TO THE MEETING OF CREDITORS, OR IF YOUR REQUEST IS MADE AFTER THE MEETING OF CREDITORS, IT MUST BE IN WRITING and contain all the information required in paragraph one. If the request includes a signed debtor stipulation, nothing further is required and the trustee may immediately process the request. However if the request does not include a signed debtor stipulation, then it MUST BOTH: (1) certify copies of all documents were simultaneously served on (e.g., mailed to) the debtor and any debtor's attorney, AND (2) clearly set out the following notice:

> "By way of this letter the debtor is informed that the trustee may grant non-judicial relief from the automatic stay as to the property UNLESS THE TRUSTEE IS NOTIFIED IN WRITING WITHIN 15 DAYS AFTER THE SERVICE OF THIS REQUEST THAT THE DEBTOR OBJECTS TO SUCH RELIEF. Such relief shall constitute a termination of the stay provided by 11 U.S.C. §362(a) and will permit this creditor to foreclose his lien or security interest by repossession or as otherwise provided by law."

Objections to non-judicial relief from the automatic stay, unless made at the meeting of creditors, must be in writing, with a copy simultaneously served on the debtor, requesting creditor, trustee, and their respective attorneys of record. The objection must be post-marked by the 15th day after the request was served, and received by the trustee within 20 days, or the trustee may grant the request.

If the trustee receives a timely objection from the debtor, the trustee shall not grant non-judicial relief or consider repetitive requests by the same creditor unless the debtor withdraws such objection in writing.

The trustee will grant non-judicial relief from the automatic stay if the above requirements are met, the debtor either does not timely object or stipulates in writing to such relief, and there appears to be no equity in the property for the benefit of creditors.

Signing of LBF #750 by the trustee, granting non-judicial relief, shall constitute a termination of the stay of an act against such property under 11 U.S.C. §362(a). The trustee, however, shall not be deemed to have abandoned his/her interest in the property, nor have waived any other rights as to the property. Any non-exempt equity in the property remaining after disposition shall be immediately returned to the trustee.

If either the trustee or debtor(s) will not agree to such relief for any reason, you must file a motion for relief from stay under §362(d). Instructions and forms may be obtained from the court's web site at www.orb.uscourts.gov.

IMPORTANT. All requests to the trustee MUST be accompanied by a self-addressed and stamped envelope, or the trustee need not respond.

***SEE REVERSE/ATTACHED***

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                             Best Case Bankruptcy

Case 15-32755-pcm7    Doc 19    Filed 07/23/15

# United States Bankruptcy Court
**District of Oregon**

In re **Scott J Doty**                                                                                                  Case No. **15-32755**
Debtor(s)                                                                                                Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **1,090.00** |
   | Prior to the filing of this statement I have received | $ **1,090.00** |
   | Balance Due | $ **0.00** |

2. $ **335.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Filing of reaffirmation agreements if applicable.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding. Negotiations with secured creditors to reduce to market value; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **July 23, 2015**                                  **/s/ Alan R. Unkeles OSB**
                                                          **Alan R. Unkeles OSB 77-377**
                                                          **Alan R. Unkeles PC**
                                                          **3000 NW Stucki Place #230**
                                                          **Hillsboro, OR 97124**
                                                          **503 531 5370   Fax: 866 799 5977**